DECISION AND JUDGMENT ENTRY
{ ¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of failure to verify in violation of R.C. 2950.99(A) and sentenced him to eight months imprisonment. For the following reasons, this court affirms the judgment of the trial court.
{ ¶ 2} Appointed counsel David C. Bruhl has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel *Page 2 
for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues. Counsel for appellant does, however, set forth the following proposed assignments of error:
{ ¶ 3} "1. The appellant was denied effective assistance of counsel when his attorney failed to follow the Ohio Rules of Criminal Procedure when filing a motion to dismiss the indictment.
{ ¶ 4} "2. The trial court erred in accepting appellant's plea of no contest because it was not made knowingly, intelligently, and voluntarily."
{ ¶ 5} A review of the record reveals the following relevant facts. On August 5, 2005, appellant was indicted on one count of failure to verify, in violation of R.C. 2950.06(F) and 2950.99(A). On September 21, 2005, appellant filed a motion to dismiss the indictment. Appellant argued that, pursuant to R.C. 2950.04(A)(1), he was not required to register as a sex offender because he completed his prison term for gross sexual imposition prior to July 1, 1997, the date on which the sex offender registration statute became effective. An oral hearing was held on appellant's motion on January 24, 2006, and the trial court denied the motion in a bench opinion. The court found that appellant was relying on evidentiary matters outside the indictment which the court was unable to consider at that stage of the proceedings. The court also acknowledged appellant's argument on the merits and made a finding that appellant was still serving his sentence for gross sexual imposition on July 1, 1997, and therefore could be prosecuted for failure to register. *Page 3 
 { ¶ 6} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
{ ¶ 7} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant was notified by counsel of his right to file an appellate brief on his own behalf; however, no such brief was filed. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous. *Page 4 
 { ¶ 8} As his first proposed assignment of error, counsel for appellant suggests that trial counsel was ineffective for failing to follow the Ohio Rules of Criminal Procedure when presenting the motion to dismiss. Appellate counsel notes that the trial court informed trial counsel how to properly advance his client's argument but trial counsel did not follow the suggestion, instead allowing appellant to enter a no contest plea to the indictment.
{ ¶ 9} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988), 37 Ohio St.3d 153.
{ ¶ 10} Based on our thorough review of the record in this case, we find that counsel's representation did not fall below an objective standard of reasonableness at any time. Further, in light of the trial court's finding at the hearing that appellant's argument would fail on the merits, we are not convinced that the results of the proceeding would *Page 5 
have been different had trial counsel followed the proper procedure for dismissal. Accordingly, appellant's first proposed assignment of error is without merit.
{ ¶ 11} As his second proposed assignment of error, counsel asserts appellant's plea is invalid because it was not made knowingly, intelligently and voluntarily. In support, counsel states the trial court may have failed to adequately determine whether appellant understood the nature of the charges of which he was convicted and his rights under the United States and Ohio Constitutions.
{ ¶ 12} Crim.R. 11(C)(2) requires that in felony cases the court shall not accept a plea of guilty or no contest without first addressing the defendant personally, and determining that he is making the plea voluntarily and understands the nature of the charges against him and the maximum penalty involved. The trial court must also inform the defendant of the effect of the plea and determine that he understands the same, and inform him that the court, upon acceptance of the plea, may proceed with judgment and sentence. Finally, the court must inform the defendant of, and determine that he understands, the constitutional rights he is waiving by the plea.
{ ¶ 13} This court has thoroughly reviewed the transcript of appellant's plea hearing. It is clear that the trial court addressed appellant personally and meticulously followed the dictates of Crim.R. 11(C)(2) as outlined above. After determining that appellant speaks English, the court explained the nature of the offense and the possible penalties. Appellant indicated that he understood. The trial court explained the constitutional rights being waived. Appellant indicated that he understood and stated his *Page 6 
desire to enter the no contest plea. Appellant further stated that he was satisfied with his attorney's representation and had discussed the case with counsel. Appellant's counsel indicated that he had reviewed the written plea form with appellant and appellant stated that he had read the form and understood it.
{ ¶ 14} Based on the foregoing, there is no basis for a claim that appellant's plea was not entered knowingly, intelligently and voluntarily. Accordingly, appellant's second potential assignment of error is without merit.
{ ¶ 15} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. concur. *Page 1